**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **LOUIS VUITTON MALLETIER S.A.S.,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 26-2160-JKB |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **PPE CASINO RESORTS MARYLAND, LLC** | ) | |
| **D/B/A LIVE! CASINO & HOTEL, THE** | ) | |
| **CORDISH COMPANIES, INC., and ABC** | ) | |
| **CORPS. 1-10,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## ANSWER

Defendants, PPE Casino Resorts Maryland, LLC ("PPE"), and The Cordish Companies, Inc. ("TCC") (collectively, "Defendants"), through counsel, answer Louis Vuitton Malletier S.A.S.'s ("Plaintiff") Complaint (Dkt. No. 1) as follows:

## STATEMENT OF THE CASE

1.      Defendants admit that the Complaint contains causes of action for trademark counterfeiting, trademark infringement, false association, trademark dilution, and violation of Maryland unfair competition common law. Defendants deny the remaining allegations of this paragraph.

2.      Admitted that Defendant PPE owns, operates, controls, and manages a casino and hotel in Maryland known as Live! Casino & Hotel Maryland. Defendants deny the remaining allegations of this paragraph.

3.      Defendant PPE admits that it conducted a marketing campaign called "The Art of Luxury" in April 2026. Defendants deny the remaining allegations of this paragraph.

4.      Denied.

5.      Defendant PPE admits that its April 2026 "The Art of Luxury" marketing campaign advertised the promotional giveaway of a handbag, toiletry case, backpack, and tote bag. Defendants are without information sufficient to form a belief as to the photographs in this paragraph and what they depict and therefore deny the allegations concerning the photographs. Defendants deny the remaining allegations of this paragraph.

6.      Denied.

7.      Defendants are without information sufficient to form a belief as to the allegations of this paragraph and therefore deny them.

8.      Defendants admit that Louis Vuitton sent them a cease-and-desist letter in April 2026, to which Defendants promptly responded. Defendants admit that they conducted a marketing campaign called "Endless Elegance" in May 2026, during which authentic Louis Vuitton products were given away. Defendants deny the remaining allegations of this paragraph.

9.      Denied.

10.     Denied.

11.     Denied.

## PARTIES

12.     Defendants are without information sufficient to form a belief as to the allegations of this paragraph and therefore deny them.

13.     Defendants are without information sufficient to form a belief as to the allegations of this paragraph and therefore deny them.

14.     Admitted.

15.     Admitted.

4928-4372-1405, v. 1

16.     Admitted that Defendant PPE holds itself out to the public as doing business as Live! Casino and Hotel and that Defendant PPE owns, operates, controls, and manages the Live! casino location in Maryland. Defendants deny the remaining allegations of this paragraph.

17.     Denied.

18.     Admitted.

19.     Denied.

20.     Denied.

21.     Defendants are without information sufficient to form a belief as to the allegations of this paragraph and therefore deny them.

## JURISDICTION AND VENUE

22.     Defendants admit that the Complaint contains causes of action for trademark counterfeiting, trademark infringement, false association, trademark dilution, and violation of Maryland unfair competition common law. To the extent there are any other allegations in this paragraph, Defendants deny them.

23.     Defendants admit that a federal court has original subject matter jurisdiction over Plaintiff's claims pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1131, 1332, and 1338. Defendants admit that a federal court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367. To the extent there are any other allegations in this paragraph, Defendants deny them.

24.     Defendants admit that, for purposes of this action, PPE Casino Resorts Maryland, LLC is subject to personal jurisdiction in this District. Defendants deny that any of their conduct is "illegal." To the extent there are any other allegations in this paragraph, Defendants deny them.

25.     Defendants admit that, for purposes of this action, The Cordish Companies, Inc. is subject to personal jurisdiction in this District, but The Cordish Companies, Inc. denies any involvement in the matters at issue in the Complaint. Defendants deny that any of their conduct is "illegal." To the extent there are any other allegations in this paragraph, Defendants deny them.

26.     Denied.

27.     Defendants admit that, for purposes of this action, they are subject to personal jurisdiction in this District, but The Cordish Companies, Inc. denies any involvement in the matters at issue in the Complaint.

28.     Defendants are without information sufficient to form a belief as to the allegations of this paragraph and therefore deny them.

## FACTUAL ALLEGATIONS[1]

29.     Defendants are without information sufficient to form a belief as to the allegations of this paragraph and therefore deny them.

30.     Defendants are without information sufficient to form a belief as to the allegations of this paragraph and therefore deny them.

31.     Defendants are without information sufficient to form a belief as to the allegations of this paragraph and therefore deny them.

---

[1] Defendants have deleted the argumentative headings before Paragraphs 29 and 37 of the Complaint, which are not part of the numbered allegations in Plaintiff's Complaint and to which no response is therefore necessary.

4928-4372-1405, v. 1

32.     The documents attached as Exhibit A speak for themselves.  To the extent a response is required, Defendants are without information sufficient to form a belief as to the allegations of this paragraph and therefore deny them.

33.     The documents attached as Exhibit A speak for themselves.  To the extent a response is required, Defendants are without information sufficient to form a belief as to the allegations of this paragraph and therefore deny them.

34.     Defendants are without information sufficient to form a belief as to the allegations of this paragraph and therefore deny them.

35.     Defendants are without information sufficient to form a belief as to the allegations of this paragraph and therefore deny them.

36.     Defendants are without information sufficient to form a belief as to the allegations of this paragraph and therefore deny them.

37.     Admitted that Defendant PPE owns and operates the Live! Casino Maryland located in Hanover, Maryland, and is responsible for the planning, development, approval, and execution of marketing and promotional campaigns offered to its customers. Defendants deny the remaining allegations of this paragraph.

38.     Defendant PPE admits that it conducted a marketing campaign called "The Art of Luxury" in April 2026 that advertised the promotional giveaway of a handbag, toiletry case, backpack, and tote bag. Defendants deny the remaining allegations of this paragraph.

39.     Defendants are without information sufficient to form a belief as to the allegations of this paragraph and therefore denies them.

40.     Defendant PPE admits that "The Art of Luxury" marketing campaign of April 2026 was not approved, licensed, or consented to by Louis Vuitton. Defendants deny the remaining allegations of this paragraph.

41.     Defendant PPE admits that the photograph in this paragraph appears to be an accurate reproduction of marketing materials PPE distributed to certain casino patrons and members of Live! Casino's loyalty program. Defendants deny the remaining allegations of this paragraph.

42.     Defendant PPE admits that a number of physical brochures were printed and distributed. The remaining allegations of Paragraph 42 are denied.

43.     Defendant PPE admits that its promotional materials did not contain any reference to Louis Vuitton. Defendants deny the remaining allegations of this paragraph.

44.     Admitted that Defendant PPE distributed toiletry cases on April 7, 2026, and backpacks on April 14, 2026, and that additional bags were scheduled for distribution on April 21, 2026, and April 28, 2026. Defendants deny the remaining allegations of this paragraph.

45.     Denied.

46.     Denied.

47.     Defendant PPE admits that it distributed bags on April 7, 2026, and April 14, 2026. Defendants deny the remaining allegations of this paragraph.

48.     Defendant PPE admits that customers were present at Live! Casino Maryland on April 7, 2026, and April 14, 2026, and that some of these customers received bags. Defendants deny the remaining allegations of paragraph 48.

49.     Denied.

50.     Denied.

6

51.     Defendant PPE admits that it maintains a rewards program for its patrons and that Exhibit B is an accurate reproduction of a summary of the program, but Defendants deny Plaintiff's characterization of the rewards program and Exhibit B. Defendant PPE further admits that the photo in paragraph 51 appears to be an accurate reproduction of a social media posting by Defendant PPE. Defendants deny the remaining allegations of this paragraph.

52.     Defendants admit that representatives of Louis Vuitton sent a letter on April 15, 2026 which speaks for itself. Defendants deny Plaintiff's characterization of the letter and the identification of the recipients of it.  Defendants deny all other allegations in this paragraph.

53.     Defendant PPE admits that it indicated by email that it would cease the April promotion and that Plaintiff demanded information related to the promotion. Defendants deny the remaining allegations of this paragraph.

54.     Denied.

55.     Defendant PPE admits that it created promotional materials including the phrase "Earn for your chance to win your share of $40,000, including a luxury French Collection…", indicated that drawings would be held on May 29, 2026, and on May 30, 2026, and indicated that Chairman Club, Jade Card, Black Card, Platinum Card, and Gold Card Members would receive between 100 and 500 bonus entries. Defendants deny the remaining allegations of this paragraph.

56.     Defendant PPE admits that it conducted drawings at Live! Casino Maryland on May 29, 2026, and May 30, 2026, in which it distributed authentic Louis Vuitton products. Defendants deny the remaining allegations of this paragraph.

57.     The photographs in this paragraph speak for themselves.  To the extent a response is required, and to the extent that Plaintiff has characterized the images, Defendants deny the allegations of this paragraph.

58.    The document attached as Exhibit D speaks for itself.  To the extent a response is required, Defendants deny the allegations of this paragraph.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Admitted.

64.    Defendants admit that "The Art of Luxury" marketing campaign of April 2026 was not approved, licensed, or consented to by Louis Vuitton. Defendants are without information sufficient to form a belief as to the remaining allegations of this paragraph and therefore deny them.

65.    Denied.

## CLAIM 1: TRADEMARK COUNTERFEITING

66.    Defendants repeat and incorporate by reference its answers to Paragraphs 1 through 65 of the Complaint.

67.    Denied.

68.    Denied.

69.    Defendant PPE admits that "The Art of Luxury" marketing campaign of April 2026 was not approved, licensed, or consented to by Louis Vuitton.  Defendants deny the remaining allegations of Paragraph 69.

70.    Denied.

71.    Denied.

72.    Denied.

8

73.    Denied.

74.    Denied.

## CLAIM 2: TRADEMARK INFRINGEMENT

75.    Defendants repeat and incorporate by reference its answers to Paragraphs 1 through 74 of the Complaint. The remainder of this paragraph is a restatement of law (Section 32(1)(a) of the Lanham Act, to which no response is required.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Denied.

80.    Denied.

## CLAIM 3: FALSE ASSOCIATION

81.    Defendants repeat and incorporate by reference its answers to Paragraphs 1 through 80 of the Complaint.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Denied.

## CLAIM 4: TRADEMARK DILUTION

87.    Defendants repeat and incorporate by reference its answers to Paragraphs 1 through 86 of the Complaint.

88.    Denied.

4928-4372-1405, v. 1

89.    Denied.

90.    Denied.

91.    Denied.

92.    Denied.

93.    Denied.

94.    Denied.

95.    Denied.

## CLAIM 5: VIOLATION OF MARYLAND COMMON LAW UNFAIR COMPETITION

96.    Defendants repeat and incorporate by reference its answers to Paragraphs 1 through 95 of the Complaint.

97.    Denied.

98.    Denied.

99.    Denied.

100.    Denied.

## AFFIRMATIVE DEFENSES

101.    The Complaint fails to state a claim upon which relief can be granted, including because the Complaint lists six trademark registrations as "*[e]xamples* of the Louis Vuitton trademarks" (Dkt. No. 1, ¶ 32). Because they have not been pleaded, the Complaint fails to state a claim with respect to any trademarks other than the six registrations identified in Paragraph 32.

102.    Plaintiff's claims are barred, in whole or in part, by the doctrine of nominative fair use.

103.    Plaintiff's claims are barred, in whole or in part, by the first sale doctrine.

10

4928-4372-1405, v. 1

104.    Plaintiff' claims are barred, in whole or in part, because the products Defendants purchased were authentic.

105.    Plaintiff's counterfeiting claim (Claim 1) is barred, in whole or in part, because it does not own trademark registrations for the relevant goods.

106.    Plaintiff's counterfeiting claim (Claim 1) is barred, in whole or in part, because the allegedly counterfeit marks are not identical or substantially indistinguishable from the six trademark registrations pleaded in the Complaint (*see* Dkt. No. 1, ¶ 32).

107.    Some or all of the relief sought by Plaintiff is barred because Plaintiff has failed to establish irreparable injury.

108.    Defendants have acted in good faith at all times with respect to the allegations in the Complaint, and Defendants' conduct has never been willful.

109.    Plaintiff's claims are barred, in whole or in part, because infringement, if any, was innocent.

110.    Plaintiff's claims are barred, in whole or in part, because another entity (or entities) designed the bags, manufactured the bags, and sold the bags to Defendants.

111.    Some or all of the relief sought by Plaintiff is barred because Defendants did not sell any allegedly infringing/counterfeit products.

112.    Defendants reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Lanham Act, and any other defenses in law or in equity that may now exist or in the future be available based on discovery and further factual investigation in this case. Defendants deny all allegations not expressly admitted herein.

11

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed in its entirety with prejudice; that judgment be entered in favor of Defendants against Plaintiff; that Plaintiff be denied all relief requested in the Complaint, including the requested relief set out in the Complaint's Prayer for Relief; that Plaintiff be ordered to pay the costs of this action and, to the extent authorized by law, to reimburse Defendants for their attorneys' fees and expenses of litigation; and for such other further relief as this Court deems just and proper.

Dated: July 14, 2026

Respectfully submitted,

/s/ James P. Ulwick
James P. Ulwick (Fed. Bar No. 00536)
Matthew A. Haven (Fed. Bar No. 18602)
KRAMON & GRAHAM, P.A.
750 E. Pratt Street, Suite 1100
Baltimore, Maryland 21202
Phone:  (410) 752-6030
Fax:  (410) 361-8233
julwick@kg-law.com
mhaven@kg-law.com

*Attorneys for Defendants PPE CASINO RESORTS MARYLAND, LLC, and THE CORDISH COMPANIES, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 14th day of July, 2026, I caused the foregoing to be served on counsel of record via the Court's electronic case filing system.

/s/ James P. Ulwick
James P. Ulwick

12

4928-4372-1405, v. 1