**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

LOUIS VUITTON MALLETIER, S.A.S.,

Plaintiff,

v.

PPE CASINO RESORTS MARYLAND, LLC; THE CORDISH COMPANIES, INC. *et al.*,

Defendants.

PPE CASINO RESORTS MARYLAND, LLC, and THE CORDISH COMPANIES, INC.,

Third-Party Plaintiffs,

v.

POWER PROMOTIONS, LLC,

Third-Party Defendant.

Civil Action No. 26-2160-JKB

**JURY TRIAL DEMANDED**

**THIRD-PARTY DEFENDANT POWER PROMOTIONS, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
THIRD-PARTY PLAINTIFFS PPE CASINO RESORTS MARYLAND, LLC AND THE
CORDISH COMPANIES, INC.'S THIRD-PARTY COMPLAINT**

Third-Party Defendant Power Promotions, LLC ("Power Promotions"), through counsel, answers the Third-Party Complaint (Dkt. No. 22) of Third-Party Plaintiffs PPE Casino Resorts Maryland, LLC ("PPE"), and The Cordish Companies, Inc. ("Cordish") (collectively "Third-Party Plaintiffs") as follows:

## PARTIES AND JURISDICTION

1. Power Promotions lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Third-Party Complaint.

2. Power Promotions lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Third-Party Complaint.

3. Power Promotions admits the allegations in Paragraph 3 of the Third-Party Complaint.

4. Power Promotions admits that the Court has subject-matter jurisdiction over the Third-Party Plaintiffs' claims pursuant to 28 U.S.C. §§ 1332 and 1367. Power Promotions denies the remaining allegations in Paragraph 4 of the Third-Party Complaint.

5. Power Promotions admits that venue is proper in this Court for Third-Party Plaintiffs' claims pursuant to 28 U.S.C. § 1391(b). Power Promotions denies the remaining allegations in Paragraph 5 of the Third-Party Complaint.

## BACKGROUND[1]

6. Power Promotions admits the allegations in Paragraph 6 of the Third-Party Complaint.

7. Power Promotions admits the allegations in Paragraph 7 of the Third-Party Complaint.

8. Power Promotions admits the allegations in Paragraph 8 of the Third-Party Complaint.

[1] Power Promotions has not included the subheadings contained in the "Background" section of the Third-Party Complaint. To the extent a response to those subheadings is required, Power Promotions denies each subheading.

9. Power Promotions admits the allegations in Paragraph 9 of the Third-Party Complaint.

10. Power Promotions admits that it has provided to PPE inventory catalogues of Power Promotions' product offerings and that PPE has made purchase orders to Power Promotions for certain of those products, some of which were customized to PPE's specification. Power Promotions lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 10 of the Third-Party Complaint.

11. Power Promotions lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Third-Party Complaint.

12. Power Promotions lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Third-Party Complaint.

13. Power Promotions lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Third-Party Complaint.

14. Power Promotions admits the allegations in Paragraph 14 of the Third-Party Complaint.

15. Power Promotions admits the allegations in Paragraph 15 of the Third-Party Complaint.

16. Power Promotions admits the allegations in Paragraph 16 of the Third-Party Complaint.

17. Power Promotions admits the allegations in Paragraph 17 of the Third-Party Complaint.

18. Power Promotions denies the allegations in Paragraph 18 of the Third-Party Complaint.

19. Power Promotions lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Third-Party Complaint.

20. Power Promotions lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 of the Third-Party Complaint.

21. Power Promotions lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 of the Third-Party Complaint.

22. Power Promotions lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the Third-Party Complaint.

23. Power Promotions lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of the Third-Party Complaint.

24. Power Promotions lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Third-Party Complaint.

25. Power Promotions lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 of the Third-Party Complaint.

26. Power Promotions admits that Louis Vuitton instituted a civil action against PPE and Cordish, asserting claims for trademark counterfeiting, trademark infringement, false association, trademark dilution, and common law unfair competition. Power Promotions lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 26 of the Third-Party Complaint.

27. Power Promotions admits the allegations in Paragraph 27 of the Third-Party Complaint.

28. Power Promotions denies the allegations in Paragraph 28 of the Third-Party Complaint.

29. Power Promotions denies the allegations in Paragraph 29 of the Third-Party Complaint.

30. Power Promotions denies the allegations in Paragraph 30 of the Third-Party Complaint.

31. Power Promotions admits the allegations in Paragraph 31 of the Third-Party Complaint.

**COUNT I – INDEMNIFICATION**
(PPE v. Power Promotions)

32. In response to Paragraph 32 of the Third-Party Complaint, Power Promotions repeats and incorporates by reference its responses to Paragraphs 1 through 31 of the Third-Party Complaint.

33. Power Promotions denies the allegations in Paragraph 33 of the Third-Party Complaint.

34. Power Promotions denies the allegations in Paragraph 34 of the Third-Party Complaint.

35. Power Promotions denies the allegations in Paragraph 35 of the Third-Party Complaint.

36. Power Promotions denies the allegations in Paragraph 36 of the Third-Party Complaint.

37. Power Promotions lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 of the Third-Party Complaint.

38. Power Promotions denies the allegations in Paragraph 38 of the Third-Party Complaint.

39. Power Promotions denies the allegations in Paragraph 39 of the Third-Party Complaint.

40. Power Promotions denies the allegations in Paragraph 40 of the Third-Party Complaint.

**COUNT II – CONTRIBUTION**
(PPE v. Power Promotions)

41. In response to Paragraph 41 of the Third-Party Complaint, Power Promotions repeats and incorporates by reference its responses to Paragraphs 1 through 40 of the Third-Party Complaint.

42. Power Promotions denies the allegations in Paragraph 42 of the Third-Party Complaint.

43. Power Promotions denies the allegations in Paragraph 43 of the Third-Party Complaint.

44. Power Promotions denies the allegations in Paragraph 44 of the Third-Party Complaint.

45. Power Promotions denies the allegations in Paragraph 45 of the Third-Party Complaint.

46. Power Promotions denies the allegations in Paragraph 46 of the Third-Party Complaint.

**COUNT III – BREACH OF WARRANTIES (UCC)**
(PPE v. Power Promotions)

47. In response to Paragraph 47 of the Third-Party Complaint, Power Promotions repeats and incorporates by reference its responses to Paragraphs 1 through 46 of the Third-Party Complaint.

48. Power Promotions denies the allegations in Paragraph 48 of the Third-Party Complaint.

49. Power Promotions lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 of the Third-Party Complaint.

50. Power Promotions denies the allegations in Paragraph 50 of the Third-Party Complaint.

51. Power Promotions denies the allegations in Paragraph 51 of the Third-Party Complaint.

52. Power Promotions denies the allegations in Paragraph 52 of the Third-Party Complaint.

53. Power Promotions denies the allegations in Paragraph 53 of the Third-Party Complaint.

54. Power Promotions denies the allegations in Paragraph 54 of the Third-Party Complaint.

55. Power Promotions admits that Maryland Commercial Law Code § 2-312(3) includes the quoted language in Paragraph 55 of the Third-Party Complaint and further states that "a buyer who furnishes specifications to the seller must hold the seller harmless against any such claim which arises out of compliance with the specifications." Power Promotions denies the remaining allegations in Paragraph 55 of the Third-Party Complaint.

56. Power Promotions admits that it sold the Lux Monogram bags to PPE. Power Promotions denies the remaining allegations in Paragraph 56 of the Third-Party Complaint.

57. Power Promotions admits that PPE provided notice to Power Promotions within a reasonable time after PPE received the lawsuit from Plaintiff Louis Vuitton on June 1, 2026. Power Promotions denies the remaining allegations in Paragraph 57 of the Third-Party Complaint.

58. Power Promotions admits that PPE provided notice to Power Promotions of the lawsuit filed by Plaintiff Louis Vuitton against PPE. Power Promotions denies the remaining allegations in Paragraph 58 of the Third-Party Complaint.

59. Power Promotions admits that it has not yet agreed to defend or indemnify PPE against the claims asserted by Plaintiff Louis Vuitton against PPE. Power Promotions denies the remaining allegations in Paragraph 59 of the Third-Party Complaint.

60. Power Promotions denies the allegations in Paragraph 60 of the Third-Party Complaint.

**COUNT IV – BREACH OF CONTRACT**
(PPE v. Power Promotions)

61. In response to Paragraph 61 of the Third-Party Complaint, Power Promotions repeats and incorporates by reference its responses to Paragraphs 1 through 60 of the Third-Party Complaint.

62. Power Promotions denies the allegations in Paragraph 62 of the Third-Party Complaint.

63. Power Promotions lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 of the Third-Party Complaint.

64. Power Promotions denies the allegations in Paragraph 64 of the Third-Party Complaint.

65. Power Promotions lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65 of the Third-Party Complaint.

66. Power Promotions denies the allegations in Paragraph 66 of the Third-Party Complaint.

67. Power Promotions denies the allegations in Paragraph 67 of the Third-Party Complaint.

68. Power Promotions lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68 of the Third-Party Complaint.

69. Power Promotions denies the allegations in Paragraph 69 of the Third-Party Complaint.

70. Power Promotions denies the allegations in Paragraph 70 of the Third-Party Complaint.

**COUNT V – UNJUST ENRICHMENT**
(PPE v. Power Promotions)

71. In response to Paragraph 71 of the Third-Party Complaint, Power Promotions repeats and incorporates by reference its responses to Paragraphs 1 through 70 of the Third-Party Complaint.

72. Power Promotions denies the allegations in Paragraph 72 of the Third-Party Complaint.

73. Power Promotion admits that PPE paid Power Promotions for the Lux Monogram bags. Power Promotions denies the remaining allegations in Paragraph 73 of the Third-Party Complaint.

74. Power Promotions denies the allegations in Paragraph 74 of the Third-Party Complaint.

75. Power Promotions denies the allegations in Paragraph 75 of the Third-Party Complaint.

76. Power Promotions denies the allegations in Paragraph 76 of the Third-Party Complaint.

**<u>COUNT VI – INDEMNIFICATION</u>**
(Cordish v. Power Promotions)

77. In response to Paragraph 71 of the Third-Party Complaint, Power Promotions repeats and incorporates by reference its responses to Paragraphs 1 through 76 of the Third-Party Complaint.

78. Power Promotions lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78 of the Third-Party Complaint.

79. Power Promotions admits the allegations in Paragraph 79 of the Third-Party Complaint.

80. Power Promotions denies the allegations in Paragraph 80 of the Third-Party Complaint.

81. Power Promotions denies the allegations in Paragraph 81 of the Third-Party Complaint.

82. Power Promotions denies the allegations in Paragraph 82 of the Third-Party Complaint.

83. Power Promotions lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83 of the Third-Party Complaint.

84. Power Promotions denies the allegations in Paragraph 84 of the Third-Party Complaint.

85. Power Promotions denies the allegations in Paragraph 85 of the Third-Party Complaint.

86. Power Promotions denies the allegations in Paragraph 86 of the Third-Party Complaint.

**COUNT VII – CONTRIBUTION**
(Cordish v. Power Promotions)

87. In response to Paragraph 71 of the Third-Party Complaint, Power Promotions repeats and incorporates by reference its responses to Paragraphs 1 through 86 of the Third-Party Complaint.

88. Power Promotions denies the allegations in Paragraph 88 of the Third-Party Complaint.

89. Power Promotions lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 89 of the Third-Party Complaint.

90. Power Promotions denies the allegations in Paragraph 90 of the Third-Party Complaint.

91. Power Promotions denies the allegations in Paragraph 91 of the Third-Party Complaint.

92. Power Promotions denies the allegations in Paragraph 92 of the Third-Party Complaint.

**AFFIRMATIVE DEFENSES**

1. Failure to State a Claim: The Third Party-Complaint fails to state a claim upon which relief may be granted.

2. Unclean Hands: PPE and/or Cordish's claims against Power Promotions are barred, in whole or in part, by the doctrine of unclean hands, including because PPE and/or Cordish chose to advertise and promote the Lux Monogram bags to PPE and/or Cordish's actual or potential customers through such advertising and promotional campaigns as the "Art of Luxury" and

"Endless Elegance" in a manner that gave rise to Plaintiff Louis Vuitton's claims against PPE and/or Cordish. Power Promotions had no involvement in the creation, design, or dissemination of PPE and/or Cordish's advertising and promotion of the Lux Monogram bags to PPE and/or Cordish's actual or potential customers.

3. Failure to Mitigate Damages: PPE and/or Cordish's claims against Power Promotions are barred, in whole or in part, because PPE and/or Cordish failed to mitigate some or all of the damages it seeks to recover from Power Promotions, including by continuing to advertise, promote, sell, or distribute the Lux Monogram bags after receiving a cease-and-desist letter from Plaintiff Louis Vuitton.

4. No Entitlement to Implied Indemnification or Contribution: PPE and/or Cordish's indemnification and contribution claims against Power Promotions are barred, in whole or in part, because PPE and/or Cordish's liability, if any, to Plaintiff Louis Vuitton is not passive or secondary.

5. If Express Contract Found, Unjust Enrichment Claim Barred**:** In the event that the court or jury finds that there was an express contract between PPE and Power Promotions regarding the Lux Monogram bags, then PPE's unjust enrichment claim (Count V) fails as a matter of law.

6. Power Promotions reserves the right to assert any affirmative, equitable, or other defense that may now exist or in the future be available based on discovery and further factual investigation in this case.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Power Promotions demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Power Promotions prays that the Third-Party Complaint be dismissed in its entirety with prejudice; that judgment be entered in favor of Power Promotions against PPE and Cordish; that PPE and Cordish be denied all relief requested in the Third-Party Complaint, including the requested relief set out in the Third-Party Complaint's Prayer for Relief; and for such other further relief as this Court deems just and proper.

Dated: August 20, 2026

Respectfully submitted,

*/s/Mary D. Hallerman*
Mary D. Hallerman (D. Md. Bar No. 19132)
Morgan R. Povinelli (*pro hac vice* pending)
SNELL & WILMER L.L.P.
2001 K Street N.W., Suite 425 North
Washington, D.C. 20006
Phone: (202) 908-4262
mhallerman@swlaw.com
mpovinelli@swlaw.com

*Counsel for Third-Party Defendant*
*Power Promotions, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 20, 2026, I caused the foregoing to be served on counsel of record via the Court's CM/ECF system.

*/s/Mary D. Hallerman*
Mary D. Hallerman (D. Md. Bar No. 19132)
SNELL & WILMER L.L.P.
2001 K Street N.W., Suite 425 North
Washington, D.C. 20006
Phone: (202) 908-4262
mhallerman@swlaw.com

*Counsel for Third-Party Defendant Power Promotions, Inc.*